1  Kenneth A. Feinswog (Bar. No. 129562)
2  400 Corporate Pointe, Suite 300
   Culver City, California 90230
3  Telephone: (310) 846-5800
   Fax: (310) 846-5801
4  Email: kfeinswog@aol.com

5  Attorney for Plaintiff

6
7  Rudolph A. Telscher
   Joel R. Samuels
8  HARNESS, DICKEY & PIERCE, PLC
   7700 Bonhomme Avenue, Suite 400
9  St. Louis, MO 63105
10 Telephone: (314) 726-7509
   Fax:  (310) 720-5901
11 Email: rtelscher@hdp.com , jsamuels@hdp.com

12 Attorneys for Defendants

13              **UNITED STATES DISTRICT COURT,**

14       **IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15 BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., ZION ROOTSWEAR, LLC. and FIFTY-SIX HOPE ROAD MUSIC, LTD., | **Case No. CV-15-1717-JFW (JPRx)** |
| Plaintiff, v. | **JOINT RULE 26(f) REPORT**<br><br>Date:  June 15, 2015<br>Time: 8:30 a.m.<br>Ctrm:  16 |
| LEGENDS NEVER DIE, INC. EDGAR V. GAINES a/k/a EDGAR V. GAINES, JR., ANDREW GAINES a/k/a DREW GAINES, DANIEL HINZPETER a/k/a DAN HINZPETER, BARBARA J. GAINES, KURT FLINN, EDGAR GAINES III a/k/a EDGAR GAINS III and FRONT ROW COLLECTIBLES, INC., | |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26, and this Court's Order Setting Rule 26(f) Scheduling Conference, Plaintiffs Bravado International Group Merchandising Services, Inc. ("Bravado"), Zion Rootswear LLC ("Zion") and Fifty-six Hope Road Music, Ltd. ("Fifty-six Hope"), and Defendants Legends Never Die, Inc. ("Legends"), Edgar V. Gaines a/k/a Edgar V. Gaines, Jr., Andrew Gaines a/k/a Drew Gaines, Daniel Hinzpeter a/k/a Dan Hinzpeter, Barbara J. Gaines, Kurt Flinn, Edgar Gaines III a/k/a Edgar Gains III and Front Row Collectibles, Inc., pursuant to their telephonic meeting on May 19, 2015, submit this Joint Report.

## 1. <u>SUBJECT MATTER JURISDICTION</u>

This action arises under the Lanham Trademark Act (15 U.S.C. 1051 <u>et</u> <u>seq</u>.) and the Copyright Act (17 U.S.C. 101 et seq.).  This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338(a) for the First, Sixth and Tenth Causes of Action.  This Court also has supplemental jurisdiction over the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth and Eleventh Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.  The common nucleus of operative facts is the sale of merchandise bearing the names, trademarks and/or likenesses of the musical groups and performers that Bravado and Zion represent.

## 2. <u>STATEMENT OF THE CASE</u>

**<u>Plaintiff's Position:</u>**  Bravado and Zion have been, at all relevant times herein, engaged in the business of marketing, advertising and selling merchandise bearing the names, trade names, trademarks, logos and likenesses of  Guns N Roses, Bob Marley, The Doors, Jim Morrison, The Rolling Stones, Janis Joplin, Bob Marley, Red Hot Chili Peppers, Queen, Metallica, Dierks Bentley and the Ramones (the "Musical Groups and Performers").  Bravado and Zion sell said merchandise throughout the United States pursuant to license agreements entered into on behalf of the respective Musical Groups and Performers pursuant to which Bravado and

Zion have been granted the exclusive right to sell products bearing each of the Musical Groups' and Performers' respective names, trademarks and likenesses. Fifty-six Hope owns the copyrights and the exclusive reproduction and distribution rights in photographs relating to Bob Marley.

At all relevant times herein, Defendants have been licensing, manufacturing, distributing, advertising and/or selling unauthorized posters, plaques and/or other items embodying the names, trademarks and/or the likenesses of each of the Musical Groups and Performers (collectively the "Infringing Merchandise") and copyrighted photographs relating to Bob Marley throughout the United States.

Defendants' actions constitute trademark infringement, trademark dilution and unfair competition pursuant to 15 U.S.C. 1114, 15 U.S.C. 1125(a) and 15 U.S.C. 1125(c) and the common law; right of publicity infringement pursuant to California Civil Code Sections 3344 and 3344.1 and Indiana Code Section 32-36-1-1 et seq. and the common law; and copyright infringement pursuant to 17 U.S.C. 501 et seq.

**<u>Defendants' Position</u>:**  Defendants Front Row Collectibles, Inc. and Legends Never Die, Inc. are in the business of manufacturing and selling photographs but deny that these actions constitute trademark infringement, trademark dilution and unfair competition pursuant to 15 U.S.C. 1114, 15 U.S.C. 1125(a) and 15 U.S.C. 1125(c) and the common law; right of publicity infringement pursuant to California Civil Code Sections 3344 and 3344.1 and Indiana Code Section 32-36-1-1 et seq. and the common law; and copyright infringement pursuant to 17 U.S.C. 501 et seq. Further, Defendants believe that their actions are protected under the First Amendment of the United States Constitution.

Defendants Edgar V. Gaines, Jr. and Barbara J. Gaines are shareholders of Front Row Collectibles. Defendants Edgar V. Gaines, Jr., Drew Gaines, Daniel Hinzpeter, Barbara J. Gaines, Kurt Flinn and Edgar Gaines III are minority shareholders of Legends Never Die.  These defendants contend that they are not

personally liable for the accused activity. Further, even if they are personally liable, these defendants deny that any of their actions constitute trademark infringement, trademark dilution and unfair competition pursuant to 15 U.S.C. 1114, 15 U.S.C. 1125(a) and 15 U.S.C. 1125(c) and the common law; right of publicity infringement pursuant to California Civil Code Sections 3344 and 3344.1 and Indiana Code Section 32-36-1-1 et seq. and the common law; and copyright infringement pursuant to 17 U.S.C. 501 et seq.  Further, these defendants believe that their actions are protected under the First Amendment of the United States Constitution. Defendants do not have adequate information to determine whether Plaintiffs own or otherwise have the authority to assert the intellectual property rights and claims asserted in the Complaint.

3. **DISPUTED POINTS OF LAW**

1.    Whether there is a likelihood of confusion in connection with Defendants' use of the trademarks in question in connection with merchandise that Defendants have manufactured, sold and/or advertised.

2.    Whether Defendants have used the names and/or likenesses of the Musical Groups or Performers without their consent pursuant to California Civil Code Sections 3344 and 3344.1, Indiana Code Section 32-36-1-1 et seq. and the common law.

3.    Whether Defendants have sold merchandise that includes substantially similar reproductions of Bob Marley photographs in which Fifty-six Hope owns the copyrights.

4.    Whether Defendants' use of the famous Musical Groups and Performers' marks has diluted the distinctive quality of said marks.

5.    Whether Plaintiffs have any protectable interest in the asserted intellectual property rights.

6.    Whether any of Defendants' accused actions constitute infringement of any intellectual property right owned by Plaintiffs or violate California Civil Code Sections 3344 and 3344.1, Indiana Code Section 32-36-1-1 et seq. and the common law.

7.    Whether Defendants' accused actions are protected under the First Amendment of the Constitution.

8.    Whether individual shareholders are personally liable for actions of Front Row Collectibles, Inc. and/or Legends Never Die, Inc.

**4.  PRIOR AND PENDING MOTIONS**

On March 10, 2015, Bravado and Zion filed a motion to dismiss the declaratory judgment action commenced by Legends in the United States District Court for the Eastern District of Missouri and/or to transfer said case to this court. The parties have briefed said motion and are awaiting a decision. Defendants filed a motion to dismiss this action but said motion was stricken by the Court. Defendants will likely refile their motions seeking to dismiss and/or sever Drew Gaines, Daniel Hinzpeter, Barbara J. Gaines, Kurt Flinn and Edgar Gaines III and Legends Never Die., on the grounds of personal jurisdiction, improper venue, and 28 U.S.C. § 1404 and transfer the claims against them to the United States District Court for the Eastern District of Missouri for consolidation with the declaratory judgment action.

**5.  THE EXTENT TO WHICH PARTIES, CLAIMS OR DEFENSES ARE EXPECTED TO BE ADDED OR DISMISSED AND A PROPOSED DEADLINE FOR AMENDING THE PLEADINGS**

Until further discovery is taken, plaintiffs cannot determine exactly which claims or parties may be added to this case and propose a deadline for amending the pleadings of December 31, 2015.

**6.  INITIAL DISCLOSURES**-The parties have agreed to produce initial disclosures on or before June 5, 2015 and said disclosures shall include an identification of documents, witnesses, insurance policies and prospective damages.

7. **DISCOVERY PLAN**

    A.    **Discovery Date** – The parties have not commenced discovery.

    B.    **Scope of Discovery** - The parties anticipate serving interrogatories, document requests and admission requests.  The parties also anticipate deposing all parties.

    C.    **Changes Regarding Discovery Pursuant to Rule 26(f)(3)(A)**

    Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) and Local Rule 26-1, Plaintiffs and Defendants agreed to make initial disclosures no later than June 5, 2015.  The parties do not seek any other changes in the timing, form or requirements for disclosures.

    The parties are aware of their continuing obligation to disclose this information and reserve the right to identify additional witnesses and produce additional documents at a later time.

    D. **Subjects on Which Discovery May be Needed and Any Limitations on Discovery**

    **Plaintiffs' Position** - Plaintiffs intend to conduct discovery to support its allegations, and the necessary elements of its claims, Plaintiffs' remedies and Defendants' defenses.  Plaintiffs' discovery will include obtaining information regarding Defendants' sale of products bearing the names, trademarks and/or likenesses of the Musical Groups and Performers and/or copyrighted works for which Fifty-six Hope owns the copyright and exclusive distribution and reproduction rights.  Plaintiffs also will conduct discovery regarding issues relating to Defendants' willfulness, likelihood of confusion and Defendants' general income and assets in connection with Plaintiffs' punitive damage claims.

    E.    **Defendants' Position** – Defendants intend to conduct discovery to support their claims and the necessary elements of their claims, defenses to Plaintiffs' alleged causes of action, the scope of Plaintiffs' asserted intellectual

property rights, and the basis supporting Plaintiffs' claim for remedies and entitlement to relief.  Defendants' discovery will include obtaining information regarding the ownership to the asserted intellectual property including authorization to enforce those rights. Defendants will also conduct discovery to counter Plaintiffs' allegations regarding willfulness, likelihood of confusion and damages claims.

**F.    Discovery Limits -**The parties do not feel that it is necessary to separate discovery into phases at this time.  The parties do not believe that there needs to be any changes in the limitation of discovery except that the parties reserve the right to seek additional changes regarding the number of interrogatories and witnesses.

**G.    Other Orders-**At the present time, there are no disputed issues regarding claims of privilege or protection of trial preparation materials, except that the parties expect to raise standard attorney-client privilege objections.  The parties also anticipate the disclosure and exchange of confidential documents, necessitating the need for a two-tiered protective order – some documents will be considered confidential, and others will be considered confidential and attorneys' eyes only.

The parties have agreed that, subject to the scope of document production requests, printouts of electronically stored information will be produced without waiver of any party's right to request production and/or inspection of the hard drives from which said documents are derived.

**8.  RELATED CASES OR PROCEEDINGS**

On November 24, 2014, Legends commenced an action against Zion and Bravado in the United States District Court for the Eastern District of Missouri seeking declaratory judgment relief.

**9.  RELIEF SOUGHT BY COMPLAINT AND COUNTERCLAIM**

Plaintiffs will seek remedies for the unauthorized use of personal names and likenesses pursuant to California Civil Code Sections 3344 and 3344.1 for statutory damages of no less than $750.00 for each different name or likeness that Defendants

used on each different product and/or on Legends' Web site and/or profits in connection with the sale of said products pursuant to said statutes and/or the common law.  Plaintiffs will seek remedies for the unauthorized use of personal names and likenesses pursuant to Indiana Code Section 32-36-1-1 et seq. for statutory damages of no less than $1,000.00 for each different name or likeness that Defendants used on each different product and/or on Defendant's Web site and/or profits in connection with the sale of said products pursuant to said statutes and/or the common law.  Plaintiffs also will seek Defendants' trebled profits in connection with any products sold with trademarks of any of the Musical Groups or Performers pursuant to 15 U.S.C. 1117(a) and/or 1117(b) and/or the common law.

Fifty-six Hope will seek statutory damages up to $150,000.00 and/or Defendants' profits or Fifty-six Hope's damages pursuant to 17 U.S.C. 504 for the copyrights infringed by Defendants because Defendants sold products that included copyrighted Bob Marley photographs.

Plaintiffs will not be able to compute the amount that Plaintiffs are seeking until discovery has been concluded.  Pursuant to *Nintendo of America, Inc. v. Dragon Pacific*, 40 F. 3d 1007 (9th Cir. 1994), Plaintiffs are entitled to multiple remedies, even for the sale of the same product, pursuant to different statutes because there are different claims that serve as the basis for relief for different elements included on the infringing products that Defendants sold and/or advertised. For example, if a product includes a party's likeness and trademark, Plaintiffs are entitled to seek statutory damages for the use of the likeness in question and Defendants' profits for the use of the trademark on said product.

Plaintiffs also will seek recovery of its attorneys' fees and costs for their claims.  Plaintiffs also will seek recovery of punitive damages for their state and common law claims.

Defendants seek declarations that none of their actions violate the intellectual property rights asserted by Plaintiffs or violate California Civil Code Sections 3344

and 3344.1, Indiana Code Section 32-36-1-1 et seq. and the common law. Defendants also seek a declaration that their actions are protected by the First Amendment of the United States Constitution.

**10. <u>CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS</u>**

Bravado has filed a certification as to interested parties and has identified Vivendi S.A. which is a publicly traded company and is a parent company of Bravado.

**11. <u>DEADLINES, HEARINGS AND TRIAL DATES</u>**

    a.  Last day for completion of discovery – March 31, 2016

    b.  Last day for hearing of motions – May 9, 2016

    c.  Final Pre-trial conference date – July 25, 2016

    d.  Trial date – August 16, 2016

**12.   <u>TRIAL ESTIMATE</u>**

The parties anticipate a jury trial and anticipate the length of trial to be approximately four court days.

**13.   <u>SETTLEMENT AND SETTLEMENT MECHANISM</u>**

Plaintiffs have requested that Defendants supply an accounting of their sales of the merchandise in question and Plaintiffs will make a settlement demand after receiving said accounting.

Pursuant to Local Rule 16-15.4, the parties elect Settlement Procedure No. 3.

**14. <u>MANUAL FOR COMPLEX LITIGATION</u>**

The parties believe that the manual for complex litigation does not need to be utilized.

**15. <u>DISPOSITIVE MOTIONS</u>**

Plaintiffs plan on filing a summary judgment motion as to all issues of liability and with respect to statutory damages pursuant to California Civil Code Sections 3344 and 3344.1 and Indiana Code Section 32-36-1-1 et seq.

Defendants plan of filing a summary judgment motion as to all issues of liability, their declaratory judgment claims and issues of damages.

**16. <u>UNUSUAL LEGAL ISSUES</u>**

Plaintiffs do not believe there are any unusual legal issues in this case.

**17. PROPOSALS REGARDING SEVERANCE,  BIFURCATION OR <u>ORDER OF PROOF</u>**

Plaintiffs believe that there should be no severance or bifurcation. Defendants believe that severance of parties is required, but, do not believe that severance of bifurcation of the issues is required.

Plaintiffs' attorney, Kenneth A. Feinswog, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date:  June 1, 2015                     Kenneth A. Feinswog, Esq.


By: <u>/s Kenneth A. Feinswog</u>
    Kenneth A. Feinswog
    Attorney for Plaintiffs


Date:  June 1, 2015                     Joel R. Samuels, Esq.


By: <u>/s Joel R. Samuels</u>
    Joel R. Samuels
    Attorneys for Defendants